# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| YASIN LARAMORE, as father and next best friend of HAKEEM JOHNSON, a minor; | )<br>)<br>)<br>) |
| Plaintiff, | ) No. |
| vs. | )<br>)<br>) Judge |
| CITY OF KENOSHA, A Municipal Corporation; and Kenosha Police Officers KEITH DUMESIC, Unit 330; and MATHEW STRELOW, Unit 444; | ) Magistrate<br>)<br>)<br>) Jury Demand<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff YASIN LARAMORE is the father of HAKEEM JOHNSON, he is a citizen of the United States, and a resident of the City of Chicago.

5. HAKEEM JOHNSON is a minor, age 10, a citizen of the United States, and resident of the City of Chicago.

6. Defendant police officers are duly appointed and sworn City of Kenosha police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

7. The Defendant-Officers are sued in their individual capacities.

8. The CITY OF KENOSHA is a municipal corporation, duly incorporated under the laws of the State of Wisconsin, and is the employer and principal of the Defendant-Officers.

-1-

## Facts

9. On or about October 19, 2006, at about 7:30 pm, HAKEEM JOHNSON and a friend, Duke Taylor, were walking along 40th Avenue and 53rd Street in Kenosha, Wisconsin.

10. At said date, time, and place, Defendant-Officers DUMESIC and STRELOW were on patrol in a marked police car.

11. Upon seeing HAKEEM and Duke, the Defendant-Officers car stopped their car, and shined a light on HAKEEM and Duke.

12. HAKEEM became frightened and began to run to his mother's home located at 2513 54th Street, Kenosha, Wisconsin.

13. A Defendant-Officer grabbed HAKEEM and tackled him to the ground.

14. The Defendant-Officer grabbed HAKEEM to detain him.

15. HAKEEM was not free to leave.

16. HAKEEM had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that HAKEEM had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search HAKEEM.

17. A Defendant-Officer grabbed HAKEEM's head and shoved HAKEEM's face into the sidewalk.

18. While shoving HAKEEM's face into the sidewalk, the Defendant-Officer told HAKEEM, "This is a lesson for running from the police."

19. HAKEEM was cut above his eye and was bleeding.

20. The Defendant-Officer held HAKEEM on the ground and put handcuffs on him.

21. After HAKEEM was handcuffed, the Defendant-Officer picked up HAKEEM by the handcuffs.

22. The Defendant-Officers transported HAKEEM to the police station.

23. HAKEEM was held at the police station for 1-2 hours before he was released.

24. HAKEEM was not charged with a crime.

25. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

26. As a direct and proximate result of the acts of the Defendants described above,

Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation, and other damages.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

27. Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

28. As HAKEEM was running to his mother's house, a Defendant-Officer chased and tackled HAKEEM.

29. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop or detain HAKEEM.

30. Defendant-Officers did not have knowledge of specific and articulable facts that HAKEEM had committed a crime.

31. Defendant-Officers did not observe HAKEEM do anything which led them to believe that HAKEEM had committed a crime.

32. The actions of Defendant-Officers in seizing HAKEEM without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award Plaintiff compensatory and punitive damages, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

33. Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

34. The actions of the Defendant-Officer violated HAKEEM's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)  Enter judgment against said Defendant-Officer;

b)  Award Plaintiff compensatory and punitive damages, as determined at trial;

c)  Award Plaintiff attorney's fees and costs;

d)  Award such other and additional relief that this Honorable Court deems just and equitable.

### COUNT III
### (42 U.S.C. § 1983 – Failure to Intervene)

35. Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

36. While HAKEEM was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

37. Defendant-Officers were deliberately indifferent to HAKEEM's right to be free from excessive and unreasonable force, in violation of the Fourth Amendment, as guaranteed by the Fourteenth Amendment.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)  Enter judgment against Defendant-Officers;

b)  Award Plaintiff compensatory and punitive damages, as determined at trial;

c)  Award Plaintiff attorney's fees and costs;

d)  Award such other and additional relief that this Honorable Court deems just and equitable.

### COUNT IV
### (42 U.S.C. § 1983 – *Monell* Claim against the CITY OF KENOSHA)

38. Plaintiff realleges all of the above paragraphs and counts, as if fully set forth herein.

39. At all times material to this Complaint, there existed in the City of Kenosha the following practices, policies and customs:

    a.  stopping, detaining, arresting, and searching persons without a warrant, probable cause, reasonable suspicion, consent, or any other legal basis;

b. arbitrary use of excessive force against suspects, arrestees, detainees and other civilians;

c. a *code of silence* in which police officers fail to report police misconduct;

d. failure to adequately train, supervise and discipline police officers in the categories and fields of police work addressed above;

e. failure to adequately investigate citizen complaints against police officers;

f. failure to adequately discipline police officers for misconduct;

40. The actions of the Defendant-Officers as alleged in this Complaint were done pursuant to, and as a result of, one or more of the above *de facto* practices, policies and customs of the CITY OF KENOSHA, the Kenosha Police Department, and its police officers.

41. The practices, policies and customs described above are widespread, permanent and well-settled, and were known, or should have been known, to the municipal policy-makers of the CITY OF KENOSHA.

42. The municipal policy-makers of the CITY OF KENOSHA acted with deliberate indifference in maintaining, overlooking and preserving the unconstitutional practices, policies and customs delineated above.

43. By their inaction and failure to correct the above-described practices, policies and customs, municipal policy-makers tacitly approve and thus indirectly authorize the type of misconduct Plaintiff complains of herein.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against the CITY OF KENOSHA;

b) Award Plaintiff compensatory damages, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
**(Indemnification Claim pursuant to W.S.A. § 895.46)**

44. Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

45. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of their employment.

46. Pursuant to W.S.A.§ 895.46, Defendant CITY OF KENOSHA is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF KENOSHA to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiff demands trial by jury on all counts.**

Respectfully submitted,

/s/Louis J. Meyer
*Counsel for the Plaintiff*

Louis J. Meyer
Lawrence V. Jackowiak
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595
Atty #: 6290221