# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

YASIN LARAMORE, as father and next
best friend of HAKEEM JOHNSON, a minor,

        Plaintiff,

  v.                                          Case No. 07-CV-367

JOSHUA ZELLER,

        Defendant.

_____

## ORDER

On November 18, 2008, following a jury trial in this matter, the jury returned a verdict in favor of defendant. Accordingly, on November 19, 2008, the court entered judgment in favor of defendant, dismissing this case, and awarding defendant recovery of his costs from plaintiff. Defendant submitted a bill of costs in the amount of $2,549.27.

Plaintiff objected to the bill of costs on the ground that plaintiff should be excused from paying such costs on the basis of indigency. The court has considered plaintiff's argument, yet holds, in its discretion, that plaintiff is responsible for payment of defendant's recoverable costs.

Plaintiff next objects to the amount of the bill of costs. Plaintiff argues that defendant has impermissibly included costs of demonstrative evidence. *See* Civil Local Rule 54.2(e) ("Costs of demonstrative evidence created for use in the case . . . must never be taxed unless the party requesting taxation obtained Court approval on motion for such costs brought prior to the time the costs were incurred . . . prior

to the time such evidence is used at trial."). The costs, $1,288.32, are that of enlarging photographs and medical records for use as exhibits at trial. Defendant counters that these are not demonstrative-evidence costs, but rather copies-of-papers costs, which is recoverable under Civ. L.R. 54.2(d).

Demonstrative evidence is defined by Black's Dictionary (8th ed.) as: "Physical evidence that one can see and inspect (i.e., an explanatory aid, such as a chart, map, and some computer simulations) and that, while of probative value and usually offered to clarify testimony, does not play a direct part in the incident in question." Enlarged photos and medical bills are demonstrative evidence, and thus recovery for their attendant costs is barred (unless the preparing party obtained prior court approval) by Civ. L.R. 54.2(e). However, this is not to say that defendant's argument is meritless. Costs incurred from enlarging and mounting photos and documents are taxable under 28 U.S.C. § 1920(4) – the statute underlying Civ. L.R. 54.2(d). However, Civ. L.R. 54.2(e) imposes an additional restriction not present in 28 U.S.C. § 1920. It is that additional restriction that prevents defendant from recovering the $1,288.32 of enlargement costs.

Plaintiff also claims that defendant has impermissibly included the cost of converting depositions into ASCII format ($50.00), and the cost of shipping the deposition transcripts ($19.00), and that defendant has overcharged on transcription rates ($47.33 overcharge) and for copies of transcripts ($51.80 overcharge). Defendant concedes that plaintiff is right as to these four issues. Thus, the court will

2

reduce the amount recoverable by these four amounts, as well as by the amount for the photo and document enlargements.

In accordance with the above findings, the court concurs with plaintiff that the taxable costs are $1,092.82.[1]

Accordingly,

**IT IS ORDERED** that defendant shall be entitled to recover his costs, in the amount of $1,092.82, from plaintiff.

Dated at Milwaukee, Wisconsin, this 21st day of December, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[1]
| | |
|---|---:|
| Original Amount Sought by Defendant: | $2,549.27 |
| Minus Cost of Creating Demonstratives: | 1,288.32 |
| Minus Cost of ASCII Conversion: | 50.00 |
| Minus Shipping Costs: | 19.00 |
| Minus Excessive Transcript Fees: | 47.33 |
| Minus Excessive Transcript Copy Fees: | 51.80 |
| New Total: | $1,092.82 |